Wyly, J.,
concurring. The plaintiffs sue the defendants, John T. Ludeling, John Eay, Francis P. Stubbs and William E. Gordon, on the following instrument:
“ Office of the Vicksburg, Shreveport and Texas Eailroad Company, $5168 08. Monroe, La., November 6,1866.
“ On or before the third day of February, 1869, the Vicksburg, Shreveport and Texas Eailroad Company will pay to the order of Wesley J. Q. Baker five thousand one hundred and sixty-eight dollars and eight cents, value received, with eight per cent interest per annum from the third day of February, 1866, till paid, payable annually.
“ JOHN T. LUDELING, President.
“Attest: Jos. F. McGuire, Secretary.”
They allege that said defendants and their associates on the third day of February, 1866, “ purchased the Vicksburg, Shreveport and Texas Eailroad at sheriff’s sale, with all its rights, privileges, franchises, locomotives, cars,” etc.; that previous to said purchase they formed themselves into an association for the purpose of buying said railroad and operating it in carrying freight and passengers for hire as common carriers and commercial partners; that, immediately after said purchase, they took possession of and operated the railroad in said capacity, sometimes under the name of John T. Ludeling and associates, at other times under the name of the Vicksburg, Shreveport and Texas Eailroad Company. They further allege that, by their repeated acknowledgments and deelarations, the defendants induced others, as well as your petitioners, to deal with them and accept their paper under the assurance that they were bound in solido, thereby *613 assuming this responsibility toward third’ persons; that while the defendants were so associated together for the purpose aforesaid, they issued the promissory note sued on. They further allege that said John T. Ludeling was by the consent and authorization of the defendants authorized and empowered to execute said note,'for which they are bound in solido to petitioners, who acquired it for value before due. The prayer of the petition is for judgment in solido against the defendants for the amount of said note.
Defendants, in a peremptory exception, urged—
First — That the maker of the instrument, the Yicksburg, Shreveport and Texas Eailroad Company, a corporation created by, and according to law, is alone liable thereon, and not the individual stockholders, of whom defendants are only a portion.
Second — That defendants, if liable at all, are only jointly so with all the other stockholders of the company, who have not been sued, and whose names are disclosed in the exception.
The exception being overruled, defendants, reiterating the same defenses in their answer, further deny that the plaintiffs arc the legal owners or holders of the paper, and in good faith. They aver that Baker made a surrender in bankruptcy, and though this was not placed upon his schedule of assets, nor taken possession of by the assignee, E. E. Norton — yet, that it was legally the property of said assignee; that defendants had equities against said Baker, and plaintiffs held other collaterals for the debt of Mrs. Wilson, for whose debt to them the note sued on was delivered to them to secure. They set up the circumstance under which this paper was executed — as being when the purchasers of the railroad agreed among themselves to bid for the property, each of them paid into a common fund the sums they had agreed to furnish, respectively, with the agreement that whatever balances might remain after the purchase was complete the same should be loaned to the company for repair and construction purposes; that among the various balances was the sum of the paper sued on in favor of Baker, and all the other purchasers had similar papers executed for the balances respectively due them, which it was agreed among all should be held as simple memoranda of the agreement, and that purposely, and to prevent their use, none of these several instruments were stamped with the United States revenue stamps, necessary for the validity of a promissory note; and that the said note sued on is extinguished by compensation between the purchasers, who- hold similar obligations, in the event they, and not the Yicksburg, Shreveport and Texas Eailroad Company, are held liable, which however they deny.
W. J. Q. Baker intervened and claimed the ownership of the note *614 in suit. The court gave judgment dismissing the intervention and condemning the defendants as- prayed for. The defendants and the intervention have appealed.
The defendants contend that, by their judicial admission in this case, the plaintiffs are estopped from denying their authorities to act under the charter of the Vicksburg, Shreveport and Texas Railroad Company and to execute the note sued on in the name of said corporation •, and therefore the defendants’ exception that the suit should have been brought against said corporation and not against them, the individual stockholders, should have been maintained and the suit dismissed.
The judicial admission relied on is the averment in plaintiffs’ petition that the “ said defendants and their associates on third February, 1866, purchased the Vicksburg, Shreveport and Texas Railroad at sheriff’s sale, with all its rights, privileges, franchises, locomotives, cars,” etc.
This is an admission that the defendants bought all the property of the corporation; but it is not a judicial admission that they became thereby the corporation itself, acquiring power to bind it by issuing obligations or notes of the kind in suif.
On the contrary, in other allegations of their petition, the plaintiffs aver that the defendants were operating said railroad merely as common carriers and commercial partners at the time they executed said notes; and it was for this reason that suit was brought against the defendants individually. The plaintiffs have not judicially admitted that the defendants, when they executed the note in the name of the Vicksburg, Shreveport and Texas Railroad, represented that corporation and had authority to execute the note in behalf thereof. The court did not err in overruling the exception to the form of the action. The note was executed by the defendants; it matters not what name they assumed for their firm or association. It was not the obligation of the insolvent corporation, the Vicksburg, Shreveport and Texas Railroad, whose property the defendants acquired at sheriffs sale on third February, 1866. They purchased the property of the juridical person, but not the being itself. The defendants contend that the plaintiffs are without interest and can not raise the question whether they represented the Vicksburg, Shreveport and Texas Railroad when they executed the note in suit. In pursuing the makers of the obligation the plaintiffs have an interest (when met by the objection that the note is not theirs but that of a certain railroad corporation), to deny that it was issued by such corporation, to deny that the defendants had authority to represent said corporation in issuing said note, and to show that they issued it merely as a firm or commercial partnership.
*615 In order to make out their ease the plaintiffs clearly had the right to show that the defendants contracted the obligation as a firm or partnership and not as a railroad corporation, because they never had authority as such. In order to determine whether the equities set up by the defendants can be considered, it becomes important to ascertain whether the plaintiffs acquired it as owners or as pledgees before due and for value in due course of trade. They acquired it as pledgees before due, as will appear by the following document:
“ New Orleans, January 27, 1868.
“Received from W. J. Q. Baker a note of hand made by Eliza W. Warfield, dated May 3, 1867, for five thousand dollars, due and payable five years after date, bearing eight per cent, per annum interest, and said interest payable annually, paraphed ne varietur, June 3, 1867. Also a note signed by John T. Ludeling as President of the Vicksburg, and Texas Railroad Company, for five thousand and one hundred and sixty-eight dollars and eight cents, dated November 6, 1866, and payable on the third of February, 1869, to the order of Wesley J. Q. Baker and by him indorsed, said note drawing interest at eight per cent, per annum from the third day of February, 1866, until paid, interest payable annually; which notes are held as collateral security for the indebtedness of Mrs. N. J. Wilson, which indebtedness was contracted by the said W. J. Q. Baker. JOHN CHAFFE & BRO.”
The defendants contend that the debt for which the tote was given in pledge was suffered to prescribe; and with the prescription of the principal debt, the right of the plaintiffs as pledgees ceased, and the note belongs to the pledger Baker, or his assignee in bankruptcy, against whom the equities they set up can be established.
To this the reply is that the indebtedness of Mrs. Wilson is not prescribed, because before prescription had acquired she made a voluntary surrender of her property in bankruptcy, placing, plaintiffs on the schedule of her creditors for $10,000, and this was a most solemn acknowledgment and judicial admission of the debt; and since then prescription has not acquired.
The defendants contend that plaintiffs’ claim is described on the schedule of Mrs. Wilson as being evidenced by two promissory notes for $5000 each, dated twenty-seventh February, 1867, whereas their claim is an account; therefore the acknowledgment referred to did not arrest the current of prescription.
The plaintiffs were the factors of Mrs. Wilson and kept an account against her. The two notes referred to in the schedule are items in that account. Instead of acknowledging the "whole account, the'bankrupt chose to acknowledge two items thereof.
If all the other items of the account were incorrect, certainly in the *616 most solemn manner she has judicially admitted the correctness of those items, the two notes of $5000 each ; and undoubtedly the current of prescription was arrested in regard to that part of the indebtedness of Mrs. Wilson to plaintiffs. And as long as there was an indebtedness or any part thereof, the pledge given by Baker remained in force.
The pledge was given to secure the indebtedness of Mrs. Wilson to plaintiffs, it matters not how evidenced ; and my conclusion is that it remains unimpaired and in full force. Besides, I am satisfied from the evidence that Baker transferred the note to plaintiffs in settlement of the debt for which it was pledged. The want of stamps on the note, if it be true it was not stamped, did not affect its negotiability or impair the pledge.
The time to raise that objection was when it was offered in evidence in this case, at which time it was properly stamped. The note having passed into plaintiffs’ hands before due, the equities set up by defendafits can not be considered.
The unincorporated association of which defendants were members, although engaged in carrying persons and freight tor hire on their railroad, was not a commercial partnership. It is only the carrying of personal property for hire in ships or other vessels by a partnership that makes it a commercial one. Revised Code, 2825. The defendants are therefore not bound in solido.
The judgment appealed from should therefore be amended so as to make the defendants jointly liable instead of solidarity.
For the foregoing reasons I concur in the decree rendered in this case.